# IN THE UNITED STATES DISTRICT COURT FOR THE
# MIDDLE DISTRICT OF TENNESSEE
# COLUMBIA DIVISION

| | |
|---|---|
| JERAMY DWAYNE BUTTRAM, | ) |
| Plaintiff, | ) |
| v. | ) NO. 1:19-cv-00067 |
| BILLY LAMB, et al., | ) JUDGE CAMPBELL |
| Defendants. | ) |

## MEMORANDUM OPINION

Plaintiff Jeramy Dwayne Buttram, then an inmate at the Marshall County Jail in Lewisburg, Tennessee,[1] filed this pro se civil rights action under 42 U.S.C. § 1983 against Sheriff Billy Lamb, Administrator Sabrina Patterson, and Shift Leader Kendra Burton. (Doc. No. 1 at 2–3). Plaintiff also filed an application to proceed in this Court without prepaying fees and costs. (Doc. No. 2).

## I. APPLICATION TO PROCEED AS A PAUPER

The Court may authorize a prisoner to file a civil suit without prepaying the filing fee. 28 U.S.C. § 1915(a). Plaintiff's in forma pauperis application (Doc. No. 1 at 12; Doc. No. 2) reflects that he cannot pay the full filing fee in advance. Accordingly, Plaintiff's application (Doc. No. 2) will be granted. The $350.00 filing fee will be assessed as directed in the accompanying Order. 28 U.S.C. § 1915(b)(1).

## II. INITIAL REVIEW

Under the screening requirements of the Prison Litigation Reform Act ("PLRA"), the Court must review and dismiss the complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant. 28 U.S.C. §

---

[1] Plaintiff submitted a notice updating his address to the Bledsoe County Correctional Complex in Pikeville, Tennessee. (Doc. No. 5).

1915A. The Court must also construe a pro se complaint liberally, *United States v. Smotherman*, 838 F.3d 736, 739 (6th Cir. 2016) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)), and accept the factual allegations as true unless they are entirely without credibility, *see Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007) (citing *Denton v. Hernandez*, 504 U.S. 25, 33 (1992)).

**A.     Factual Allegations**

Plaintiff alleges that he was a pretrial detainee at the Marshall County Jail during the events giving rise to his claims. (Doc. No. 1 at 4). In early June 2019, Plaintiff alleges, he raised concerns regarding his mail by talking to Administrator Sabrina Patterson and sending a grievance to Sheriff Billy Lamb. (*Id.* at 5). The grievance is attached to the complaint. (*Id.* at 13). In it, Plaintiff states that he did not receive expected mail for about three weeks, and that "[i]t seems like" Shift Leader Kendra Burton's crew did not want Plaintiff "or anyone to get mail." (*Id.*). Plaintiff states that Burton had something against him, but he does not know what it is. (*Id.*). After Plaintiff filed the grievance, someone found Plaintiff's mail "hidden in [a] desk drawer." (*Id.* at 7).

Plaintiff also alleges that he told Administrator Patterson that Shift Leader Burton "was telling people outside of the Jail about" who was visiting him at the Jail, and what he discussed during his jail visits. (*Id.* at 5). Plaintiff alleges that his "family has been ridiculed due to Kendra Burton's comments made to outside parties." (*Id.*).

**B.     Standard of Review**

To determine whether a complaint "fails to state a claim on which relief may be granted" under the PLRA, the Court applies the same standard as under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010). The Court therefore accepts "all well-pleaded allegations in the complaint as true, [and] 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'"

*Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 681 (2009)). An assumption of truth does not extend to allegations that consist of legal conclusions or "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). A pro se pleading must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson*, 551 U.S. at 94 (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

**C.     Discussion**

"To prevail on a cause of action under § 1983, a plaintiff must prove '(1) the deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under the color of state law.'" *Winkler v. Madison Cty.*, 893 F.3d 877, 890 (6th Cir. 2018) (quoting *Shadrick v. Hopkins Cty.*, 805 F.3d 724, 736 (6th Cir. 2015)).

   1. <u>Dismissal of Official-Capacity Claims</u>

Plaintiff brings this action against Sheriff Lamb and Administrator Patterson in only their official capacities, and alleges that they are employees of the Marshall County Sheriff's Department. (Doc. No. 1 at 2). Plaintiff also brings this action against Shift Leader Burton in both her individual and official capacities, and alleges that she is an employee of the Marshall County Jail. (*Id.* at 3). "[I]ndividuals sued in their official capacities stand in the shoes of the entity they represent." *Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). Thus, Plaintiff's official-capacity claims against all three Defendants are essentially claims against Marshall County.

Municipal entities like Marshall County may be liable under Section 1983 only "if the governmental body itself 'subjects' a person to a deprivation of rights or 'causes' a person 'to be subjected' to such deprivation." *Connick v. Thompson*, 563 U.S. 51, 60 (2011) (quoting *Monell v.*

*New York City Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978)). To state a claim against Marshall County, Plaintiff must allege that he "suffered a constitutional violation" and that the County's "policy or custom directly caused the violation." *Hadrick v. City of Detroit, Mich.*, 876 F.3d 238, 243 (6th Cir. 2017) (citing *Monell*, 436 U.S. at 690–92). Here, the complaint does not reflect that any of the alleged misconduct was caused by a policy or custom of Marshall County. Accordingly, Plaintiff fails to state a claim against Marshall County, and his official-capacity claims will be dismissed.

Because Plaintiff does not assert any individual-capacity claims against Defendants Lamb and Patterson, and he fails to state a claim against them in their official capacities, they will be dismissed as parties.

2. Individual-Capacity Claims against Defendant Burton

As to Shift Leader Kendra Burton, Plaintiff suggests that she was responsible for his mail not being delivered. But Plaintiff's apparent suspicion that Burton tampered with his mail is not supported by any specific factual allegations. And even under the liberal construction afforded to pro se plaintiffs, the Court "is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions." *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (collecting cases). Accordingly, Plaintiff fails to state a claim against Defendant Burton for interfering with the delivery of his mail.

For substantially the same reason, Plaintiff also fails to state a claim against Defendant Burton based on the only other allegation against her. Plaintiff seems to allege that Burton observed and listened to some of his jail visits, and shared information from these visits with some unknown parties outside the jail. Plaintiff's family was allegedly "ridiculed" as a result. As above, this allegation is not supported by sufficiently specific factual allegations to state a claim. *See Gilmore*

4

*v. Corr. Corp. of. Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988)) ("A complaint must contain allegations respecting all the elements to sustain a recovery under some viable legal theory."). To the extent that Plaintiff is attempting to assert a defamation claim based on this allegation (*see* Doc. No. 1 at 3 (listing one of the claims as "defamation of character")), such an assertion would not state a claim for the violation of Plaintiff's constitutional rights. *See Voyticky v. Village of Timberlake, Ohio*, 412 F.3d 669, 677 (6th Cir. 2005) (citing *Paul v. Davis*, 424 U.S. 693, 701–03 (1976)) ("Absent a further injury, such as loss of a government job or loss of a legal right or status, defamation, by itself, does not constitute a remediable constitutional claim."). Defendant Burton, therefore, will also be dismissed as a party.

### III. CONCLUSION

For these reasons, Plaintiff's application to proceed in forma pauperis will be granted, this action will be dismissed for failure to state a claim, and the Court will certify that any appeal in this matter would not be taken in good faith. 28 U.S.C. § 1915(a)(3). The Court, therefore, will not grant Plaintiff leave to proceed as a pauper on any appeal.

The Court will enter an appropriate Order.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE